UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:

CHRISTOPHER H. BROWN,

     Plaintiff,

vs.

VILLAGE OF PINECREST,

     Defendant.

_____/

## Complaint for Damages and Injunctive Relief

Plaintiff, Christopher H. Brown ("Brown" or "plaintiff"), sues defendant,

Village of Pinecrest ("Village" or "Defendant"), and alleges:

## Introduction and Summary

1.    This is a discrimination and retaliation action brought by

Christopher H. Brown, a 65-year-old, male police officer who — after, ***One***,

having filed charges of discrimination between 2018 and 2020 concerning

the Village of Pinecrest's attempted termination of him and failure to

promote him; ***Two***, making internal complaints, and, ***Three***, filing a 2020

lawsuit and participating in the litigation of it:

***First,*** was subjected to a retaliatory hostile work environment since

being returned to duty by an Arbitrator, which included among other things,

being screamed at by his sergeant who dispatched him to a burglar-alarm call without backup — potentially exposing him to danger (contrary to the Village's Alarm Response policy requiring a minimum of two offices to be dispatched on all such calls), and

**Two**, continued to be passed over for promotional opportunities, including when the Village misapplied "seniority points" for prior service in favor of two substantially younger female officers.

Officer Brown sues pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"); the Age Discrimination in Employment Act, 28 U.S.C. § 621, et seq. ("ADEA"); and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA"), for damages, equitable relief, reasonable attorney's fees and litigation expenses.

### Jurisdiction and Venue

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).  The Court has supplemental jurisdiction of the FCRA claims pursuant to 28 U.S.C. § 1367 because the FCRA claims are so related to the federal claims over which the Court has federal-question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in Miami-Dade County, Florida, because the claims arose there and the Village of Pinecrest is located there.

**Satisfaction of Conditions Precedent**

4.     On or about December 4, 2020, Officer Brown filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which by operation of law meant that he also filed it with the Florida Commission on Human Relations ("FCHR").

5.     On or about November 21, 2021, Officer Brown filed a charge of discrimination with the EEOC, which by operation of law meant that he also filed it with the FCHR.

6.     On July 11, 2023, the EEOC issued a notice of right to sue as to the November 21, 2021 charge, within 90 days of which Mr. Brown brought this action.

7.     More than 180 days elapsed without the FCHR's making an adverse finding against Mr. Brown on any of his allegations or conciliating any of the charges.

8.     All conditions precedent to this action, if any, have been satisfied, waived or would have been futile.

**Parties**

9.     Plaintiff, Christopher H. Brown, at all times material, was employed as a police officer by defendant, Village of Pinecrest. Brown is and was, at all times material, an "employee," or "aggrieved person" or "individual" under  Title VII, the ADEA and the FCRA.  He is protected by:

     a.     Title VII and the FCRA because of his sex;

b.      The ADEA and the FCRA because of his age (over 60 at all times material), and

c.      Title VII, the ADEA and the FCRA because he engaged in protected activity, including complaining to the Village about what he reasonably perceived, in good faith, to be discrimination and retaliation, filing charges of discrimination and a lawsuit, and participating in the EEOC's investigation and in his lawsuit.

10.     Defendant Village of Pinecrest ("Miramar") is Florida municipality. At all times material, it was and is an "employer" as envisioned by Title VII, the ADEA and the FCRA.

## Applicable Statutes

11.     Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part, at 42 U.S.C. § 2000e-2(a) as follows:

It shall be an unlawful employment practice for an employer —

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race , color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race , color, religion,  sex, or national origin.

12.     Title VII provides, in pertinent part, at 42 U.S.C. § 2000e-3:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining,

including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

13.     The ADEA provides, in pertinent part, at 29 U.S.C. § 623(a):

It shall be unlawful for an employer-

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age;

14.     The ADEA further provides, in pertinent part, at 29 U.S.C. § 623(d) that:

It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

15.     Section 760.10(1), FLA. STAT., provides in pertinent part:

It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

(b) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

16.     Section 760.10(7), FLA. STAT., further provides, in pertinent part:

It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

**General Allegations**

17.     During January 2013, the Village of Pinecrest hired Christopher H. Brown as a police officer, a position for which he was qualified: he had retired from the City of Miami as a Senior Sergeant of Police after 26 years of service in that department.

18.     During 2018, Officer Brown filed three charges of discrimination:

a.      January 10, 2018, a charge discrimination, alleging race-, age-, and national origin- discrimination;

b.      March 9, 2018, alleging race-, age- and national origin- discrimination and retaliation, and

c.      March 22, 2018, alleging race-, age-, sex- and national origin- discrimination and retaliation.

19.    On or about June 4, 2019, after an arbitration proceeding concerning his termination, Officer Brown was reinstated.

20.    On May 18, 2020, Officer Brown filed suit in the Eleventh Judicial Circuit in and for Miami-Dade County concerning the allegations in those charges, including about his termination and the failure to promote him (the "Miami-Dade litigation").

21.    Officer Brown subsequently participated in the Miami-Dade litigation, including amending his complaint July 1, 2020; taking depositions of the Village's employees, and participating in court-ordered mediation June 22, 2023.

22.    While the litigation was pending Officer Brown continued to complain internally to the Village about discrimination and retaliation.

23.    For example, during August 2020, Officer Brown made internal complaints.

24.    On August 12, 2020, Officer Brown told Sergeant Ulloa that he would be making a formal complaint against Sergeant Heahter Schry and his belief that he was working in a hostile work environment.

25.    Officer Brown submitted memoranda to Lt. Osores about his complaints, stating, among other things, that:

a.      On December 5, 2019, after Officer Brown had obtained from his supervisor permission to enter Sergeant Schry's Office to get printer

paper, Sergeant Schry screamed at him and accused him of rifling through her drawers (when he had not done so), and that he was so "humiliated and berated" he had to report the incident to his supervisor and to use sick leave. Officer Brown learned subsequently that Sergeant Schry had complained to her supervisor about the incident, but, after speaking with sergeants who had witnessed the incident, Lt. Osores informed Officer Brown that he considered Sergeant Schry's complaint to be "non-actionable."

b.      Sergeant Schry authorized Officer Brown to be dispatched July 18, 2020 to a residential burglary call without a backup officer (which was contrary to the Police Department's General Orders and potentially exposed him to danger had criminal activity been occurring);

c.      During July 2020, a copy of the Police Decertification Process (a step-by-step manual to decertify an officer) had been placed in his assigned mailbox, which he considered to be workplace harassment after his reinstatement by the Arbitrator.

26.    On August 24, 2020, Officer Brown's counsel corresponded with the Village's attorneys, notifying them that Officer Brown had been harassed since he was returned to duty by an Arbitrator, enclosing Mr. Brown's written complaints to Deputy Chief Jason Cohen and Human Resources Manager Mayra Sauleda.

27.    Despite Officer Brown's complaint about his sergeant's behavior and the Village's policies requiring courtesy and civility by employees and prohibiting harassment, the Village informed Officer Brown September 10,

2020 that "it is impossible to conclude whether Sgt. Schry's behavior was in fact rude, discourteous and unprofessional, due to lack of first-hand witnesses."

28.    On December 4, 2020, Officer Brown filed another charge of discrimination alleging discrimination and ongoing retaliation.

29.    On November 15, 2021, Officer Brown filed another charge of discrimination, noting that the Miami-Dade litigation was still pending and alleging ongoing discrimination and retaliation, incuding yet another failure to promote him.

30.    On or about March 29, 2021, Officer Brown and other candidates took the sergeant examination, including two substantially younger (late 30s) female officers, Elissa Weintraub and Mayra Oliva Van Horsten, who had been rehired for less than the two-year minimum required to be eligible to take the examination.

31.    During the sergeant promotional process that was finalized June 2021, the Village applied "seniority points" for prior employment in favor of the two substantially younger female officers it rehired who had not been allowed to use seniority points for shift bids after a complaint had been filed by other officers and the Police Benevolent Association became involved.

32.    After applying the "seniority points" in favor of the two substantially younger female officers, they were ranked 1 and 2 on the June 4, 2021 Sergeant's Promotional Eligibility List, and Officer Brown was ranked 3.

33.   On or about August 10, 2021, the two substantially younger female officers were promoted to Sergeant, with the Village promoting only two officers based on the officers' ranking on the promotional eligibility list.

34.   However, when Officer Brown ranked number 1 a previous eligibility list, the Village skipped over him, and did not promote based on ranking on the eligibility list.

35.   Had Officer Brown been promoted, he would have been the oldest sergeant.

36.   On August 10, 2021, Edwin Cruz, the substantially younger Hispanic Officer who had been promoted to sergeant in 2017 when he ranked number 2 and Officer Brown ranked number 1, also was promoted to Captain.

37.    Had Officer Brown not been discriminated against in 2017 and passed over for promotion, he would have been eligible for promotion to Captain when Cruz was promoted.

38.   The Village's actions discriminated against Officer Brown in the terms, conditions and privileges of employment.

39.   The treatment to which defendant, through its agents and employees, subjected Mr. Brown was because of:

     a.    his age (over 60);

     b.    sex (male), and

     c.    has having complained to the Village about what he reasonably perceived, in good faith, to be discrimination and retaliation, filed

charges of discrimination and a lawsuit, and participated in the EEOC's investigation and in his lawsuit

### Count 1 — Age Discrimination Under the ADEA

40.    Plaintiff, Christopher Brown, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-3, 5, 6, 8, 9(b), 10, 13, 17-38 and 39(a).

41.    The treatment to which defendant, through its agents and employees, subjected Officer Brown was because of his age and, thus, constituted age discrimination as proscribed by the ADEA.

42.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

43.    Defendant's treatment of plaintiff constituted a willful violation of the ADEA, entitling plaintiff to liquidated damages.

44.    The age discrimination that plaintiff is suffering, in violation of his federal statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

45.    Plaintiff is entitled, to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 29 U.S.C. § 626(b).

WHEREFORE, plaintiff, Christopher Brown, prays that this Court will grant judgment for him, and against defendant, Village of Pinecrest, and:

*One,* issue a judgment that defendant's practices toward Officer Brown violated his rights against age discrimination in violation of the ADEA;

*Two*, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights and to make him whole through instatement, restoration of seniority and benefits;

*Three*, award judgment against defendant for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Four*, enter judgment for plaintiff and against defendant for  liquidated damages;

*Five*, grant Officer Brown his costs and reasonable attorney's fees pursuant to 29 U.S.C. § 626(b), and

*Six*, grant Officer Brown such other and further relief as the circumstances and law provide.

## Count 2 — Retaliation Under the ADEA

46.    Plaintiff, Christopher H. Brown, realleges and adopts, as if fully set forth in this Count, all of the allegations in ¶¶ 1-3, 5, 6, 8, 9(c), 10, 14, 17-38 and 39(c).

47.    The adverse actions of defendant violated plaintiff's rights against retaliation for complaining or opposing discrimination, including by filing a

charge of discrimination and participating in an investigation pursuant to the ADEA, which retaliation is proscribed by the ADEA.

48.    The conduct of defendant and its agents, proximately, directly, and foreseeably injured plaintiff, including but not limited to lost wages and benefits.

49.    The age discrimination that plaintiff is suffering, in violation of his federal statutory rights to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

50.    Defendant's treatment of plaintiff constituted a willful violation of the ADEA, entitling plaintiff to liquidated damages.

51.    Plaintiff is entitled, to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 29 U.S.C. § 626(b).

52.    Plaintiff has no plain, adequate or complete remedy at law for the actions of defendant, which have caused, and continue to cause, plaintiff irreparable harm.

WHEREFORE, plaintiff, Christopher Brown, prays that this Court will:

*One*, issue a declaratory judgment that defendant's practices towards plaintiff violate plaintiff's rights against retaliation under the ADEA;

*Two*, award judgment against Village of Pinecrest for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

***Three***, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, instatement, restoration of seniority and benefits;

***Four***, enter a judgment for plaintiff and against defendant for damages, including liquidated damages;

***Five***, grant plaintiff his costs and a reasonable award of attorney's fees pursuant to 29 U.S.C. § 626(b); and

***Six***, grant plaintiff such other and further relief as the circumstances and law require and/or provide.

### Count 3 — Sex Discrimination Under the Title VII

53.    Plaintiff, Christopher H. Brown, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-3, 5, 7, 8, 9(a), 10, 11, 17, 22-38 and 39(b)*.*

54.    The treatment to which defendant, through its agents and employees, subjected Officer Brown was because of his sex and, thus, constituted sex discrimination as proscribed by Title VII.

55.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

56.    The sex discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

57.    Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 42 U.S.C. § 2000e-5(k).

WHEREFORE, plaintiff, Christopher H. Brown, prays that this Court will grant judgment for him, and against defendant, Village of Pinecrest, and:

*One,* issue a judgment that Village of Pinecrest's practices toward Officer Brown violated his rights against sex discrimination in violation of the Title VII;

*Two*, award judgment against Village of Pinecrest for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin Village of Pinecrest and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, instatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Officer Brown his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and

***Six***, grant Officer Brown such other and further relief as the circumstances and law provide.

### Count 4 — Retaliation Under the Title VII

58.   Plaintiff, Christopher H. Brown, realleges and adopts, as if fully set forth in this Count, all of the allegations in ¶¶ 1-3, 5, 6, 8, 9(c), 10, 12, 17-38 and 39(c).

59.   The adverse actions of defendant violated plaintiff's rights against retaliation for complaining or opposing discrimination, including by filing a charge of discrimination and a lawsuit and participating in an investigation and litigation of a charge of discrimination, which retaliation is proscribed by Title VII.

60.   The conduct of defendant and its agents, proximately, directly, and foreseeably injured plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

61.   Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

62.   Plaintiff has no plain, adequate or complete remedy at law for the actions of defendant, which have caused, and continue to cause, plaintiff irreparable harm.

WHEREFORE, plaintiff, Christopher Brown, prays that this Court will:

***One***, issue a declaratory judgment that defendant's practices towards plaintiff violate plaintiff's rights against retaliation under the Title VII;

*Two*, award judgment against Village of Pinecrest for the back pay and benefits to which plaintiff would have been entitled but for its retaliatory acts;

*Three*, enjoin defendant and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, back pay, instatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter a judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant plaintiff his costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 2000e-5(k); and

*Six*, grant plaintiff such other and further relief as the circumstances and law require and/or provide.

### Count 5 — Age Discrimination Under the FCRA

63.    Plaintiff, Christopher H. Brown, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-6, 7, 8, 9(b), 10, 15, 17-38, 39(a).

64.    The treatment to which defendant, through its agents and employees, subjected Officer Brown was because of his age and, thus, constituted age discrimination as proscribed by FCRA.

65.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses,

and, without this Court's intervention, would suffer additional losses in the future.

66.     The age discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

67.     Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Christopher H. Brown, prays that this Court will grant judgment for him, and against defendant, Village of Pinecrest, and:

**One,** issue a judgment that Village of Pinecrest's practices toward Officer Brown violated his rights against age discrimination in violation of the FCRA;

**Two**, award judgment against Village of Pinecrest for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

**Three**, enjoin Village of Pinecrest and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, instatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

**Four**, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Officer Brown his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

*Six*, grant Officer Brown such other and further relief as the circumstances and law provide.

### Count 6— Sex Discrimination Under the FCRA

68.    Plaintiff, Christopher H. Brown, realleges and adopts, as if fully set forth in this Count, the allegations of  ¶¶ 1-5, 7, 8, 9(a), 10, 15, 17, 22-38 and 39(b)*.*

69.    The treatment to which defendant, through its agents and employees, subjected Officer Brown was motivated by his sex (male), and, thus, constituted sex discrimination as proscribed by FCRA.

70.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

71.    The sex discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

72.    Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee for bringing this action under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Christopher H. Brown, prays that this Court will grant judgment for him, and against defendant, Village of Pinecrest, and:

*One*, issue a judgment that Village of Pinecrest's practices toward Officer Brown violated his rights against sex discrimination in violation of the FCRA;

*Two*, award judgment against Village of Pinecrest for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin Village of Pinecrest and its agents from continuing to violate plaintiff's statutory rights and to make him whole through instatement, restoration of seniority and benefits;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Officer Brown his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

*Six*, grant Officer Brown such other and further relief as the circumstances and law provide.

### Count 7 — Retaliation Under the FCRA

73.    Plaintiff, Christopher H. Brown, realleges and adopts, as if fully set forth in this Count, all of the allegations in ¶¶  1-5, 7,  8, 9(c), 10, 16-38 and 39(c).

74.    The adverse actions of defendant violated plaintiff's rights against retaliation for complaining or opposing discrimination, including by filing a

charge of discrimination and participating in an investigation pursuant to the FCRA, which retaliation is proscribed by the FCRA.

75.    The conduct of defendant and its agents, proximately, directly, and foreseeably injured plaintiff, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76.    Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to § 760.11(5), FLA. STAT.

77.    Plaintiff has no plain, adequate or complete remedy at law for the actions of defendant, which have caused, and continue to cause, plaintiff irreparable harm.

WHEREFORE, plaintiff, Christopher Brown, prays that this Court will:

**One**, issue a judgment that Village of Pinecrest's practices toward Officer Brown violated his rights against retaliation discrimination in violation of the FCRA;

**Two**, award judgment against Village of Pinecrest for the back pay and benefits to which plaintiff would have been entitled but for its retaliatory acts;

**Three**, enjoin Village of Pinecrest and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, instatement, restoration of seniority and benefits;

**Four**, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

**Five**, grant Officer Brown his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

**Six**, grant Officer Brown such other and further relief as the circumstances and law provide.

Respectfully Submitted,

/s/ William R. Amlong
WILLIAM R. AMLONG
Florida Bar Number 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar Number 275565
KAmlong@TheAmlongFirm.com
JENNIFER DALEY
Florida Bar Number 856436
JDaley@TheAmlongFirm.com

THE AMLONG FIRM
500 Northeast Fourth St., Suite 101
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

**Attorneys for the Plaintiff,
Christopher H. Brown**

\\amlong3\cpshare\CPWin\HISTORY\230814_0001\1648.12E